UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY LAMONT BABB | § | |
| | § | |
| | § | |
| v. | § | Case No. 4:26-cv-2866 |
| | § | |
| TARIAN GROUP, LLC (AKA 'HSS') | § | |
| HOSPITAL CORPORATION OF | § | |
| AMERICA, AND PARK PLAZA | § | |
| HOSPITAL." | § | |

NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant, Tarian Group, LLC ("Defendant") hereby files this Notice of Removal of the above entitled and numbered cause, and in support thereof states as follows:

## I.    BACKGROUND

1. This is a personal injury suit. Plaintiff filed the above captioned action in the 61st Judicial District Court of Harris County, Texas, styled *Gary Lamont Babb v. Tarian Group, LLC, Hospital Corporation of America, and Park Plaza Hospital.*, Cause No. 2026-15672. A true and correct copy of Plaintiff's Original Petition, together with all exhibits and pleadings on file with the State Court at the time of this Removal, are collectively attached hereto as **Exhibit A**.

## II.    BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

2. Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant(s) to the district court of the United States for the district and division embracing the place where such action is pending."

333249233v.1

3.      Plaintiff alleges the incident in question occurred in Harris County, Texas within the confines of the United States District Court for the Southern District of Texas, Houston Division.

4.      Plaintiff alleges he is a resident of Harris County, Texas (*see* Exhibit A, Plaintiff's Original Petition, ¶ 2).

5.      Defendant Tarian Group, LLC is organized under the laws of Delaware and its principal place of business is in Kentucky. Therefore, it is a citizen of Delaware and Kentucky.

6.      The remaining named defendants do not defeat diversity. Plaintiff names "Park Plaza Hospital" as a defendant; however, upon information and belief, "Park Plaza Hospital" does not appear to be a legal entity and therefore it cannot be organized under the laws of any state or maintain a principal place of business. Public records from the Texas Secretary of State reflect no such entity exists. *See* **Exhibits B and B-1.** Accordingly, it should be disregarded for purposes of determining diversity jurisdiction.

7.      Hospital Corporation of America is, upon information and belief, a foreign corporation organized under the laws of Tennessee. Pursuant to the Texas Secretary of State website, the entity status is "withdrawn" and this entity does not maintain a principal place of business to Defendant's knowledge. Therefore, complete diversity exists between Plaintiff and the properly joined Defendant.

8.      Further, Hospital Corporation of America has not been properly served. Plaintiff attempted service through CT Corporation; however, publicly available records indicate that service should be directed through the Tennessee Secretary of State. *See* **Exhibits B and B-1.** Accordingly, Hospital Corporation of America has not been properly served.

9.      Pursuant to 28 U.S.C. § 1446(b)(2)(A), only defendants who have been properly joined and served must join in or consent to removal. Because neither "Park Plaza Hospital" nor "Hospital Corporation of America" have been properly joined and served, their consent is not required.

10.     Plaintiff is a citizen of Texas and Defendant Tarian Group, LLC is a citizen of Delaware and Kentucky. Therefore, there is complete diversity between the parties pursuant to 28 U.S.C. §1332.

11.     Plaintiff seeks monetary relief of $250,000 or less and nonmonetary relief *See* Plaintiff's Original Petition (*See* **Exhibit A, ¶ 10**), filed in the state court action**.** Thus, the amount in controversy in this case exceeds the $75,000 requirement of 28 U.S.C. §1332(a).

12.     Defendant Tarian Group, LLC was served with Plaintiff's Original Petition on March 13, 2026. This Removal is therefore filed within thirty days of Defendant's receipt of Plaintiff's Original Petition, as required by 28 U.S.C. §1446(a-b).

13.     Copies of all state court pleadings and process are collectively attached hereto with an index as required by 28 U.S.C. §1446(a) and the Local Rules. (*See* **Exhibit A**).

14.     Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the 61st Judicial District Court of Harris County, Texas and served upon counsel for Plaintiff pursuant to 28 U.S.C. §1446(d).

15.     Defendant has complied with all requirements for removal under Title 28, United States Code.

16.     Pursuant to Federal Rule of Civil Procedure 38, Defendant demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Tarian Group, LLC, respectfully gives notice that this state court action has been removed from the 61st Judicial District Court of Harris

County, Texas and placed on the docket of the United States District Court for the Southern District

of Texas, Houston Division for further proceedings.

DATE: April 10, 2026.

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP.

/s/ Danielle L. Hollis
**DANIELLE L. HOLLIS**
Texas Bar No. 24085380
Federal Bar No. 2727495
Danielle.Hollis@wilsonelser.com
**NADIA F. SAVO**
Texas Bar No. 24106497
Federal Bar No. 3364196
Nadia.Savo@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77010
(713) 353-2000  Telephone
(713) 785-7780  Facsimile

**COUNSEL FOR DEFENDANT
TARIAN GROUP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record on this the 10th day of April 2026, through the Court's automatic distribution system, in conformity with the Federal Rules of Civil Procedure.

/s/ Danielle L. Hollis
DANIELLE L. HOLLIS

333249233v.1